UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
01-CV-361(JMR/RLE)

| | | |
|---|---|---|
| Duckson, Carlson, Bassinger, LLC<br><br>v.<br><br>The Lake Bank, N.A., f/k/a Commercial State Bank of Two Harbors, N.A.; Commercial State Bancorporation; and Superior Financial Holding Corporation<br><br>v.<br><br>Todd A. Duckson, John Doe, and Mary Roe | ) | ORDER |

The Court has reviewed the pleadings sua sponte to determine whether this matter was properly removed, pursuant to 28 U.S.C. §§ 1441(a) and 1446. Upon review, the Court finds it lacks subject matter jurisdiction, and remands the matter to the Hennepin County District Court.

I. Facts

Plaintiff, Duckson, Carlson, Bassinger & Mitchell, LLC ("Duckson"), filed its complaint in Minnesota's Fourth Judicial District on January 17, 2001, setting forth state law claims of breach of express and implied contracts. See Pl. Compl. On February 7, 2001, plaintiff received defendants' answer and counterclaim. On February 8, 2001, defendants served a third-party complaint against Todd A. Duckson, John Doe, and Mary Roe.

APR 25 2001
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Plaintiffs and third-party defendants then filed a removal petition on February 27, 2001, pursuant to 28 U.S.C. § 1441, claiming this Court has jurisdiction over this matter, pursuant to 28 U.S.C. § 1331. They claim at least one of the defendants' counterclaims and the third-party complaint arise under the laws of the United States; specifically, that the counterclaim and third-party complaint allege violations of the National Bank Act, 12 U.S.C. § 21 et seq.

II. Analysis

A case is properly removed to federal court only in certain circumstances when the district court has original jurisdiction of the matter. 28 U.S.C. § 1441; In re Otter Tail Power Co. v. Baker Electric, 116 F.3d 1207 (8th Cir. 1997). The district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Thus, a case presenting a federal question would normally be properly removable to the district court. See 28 U.S.C. § 1441(b). See also Otter Tail, 116 F.3d at 1213. The well-pleaded complaint rule, however, requires that a federal cause of action be stated on the face of the complaint before a defendant may remove the action based on federal question jurisdiction. Id. (citing Gaming Corp. of Am. v. Dorsey & Whitney, 88 F.3d 536, 542-43 (8th Cir. 1996)).

The removal in this case is based on defendants' counterclaims

and the third-party complaint. Federal question jurisdiction, however, is determined solely by the allegations contained in the plaintiff's complaint. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). It is well-established that a defendant cannot remove based on a counterclaim. See Federal Deposit Ins. Corp. v. Elefant, 790 F.2d 661, 667 (7th Cir. 1986); Takeda v. Northwestern Nat'l Life Ins. Co., 765 F.2d 815, 822 (9th Cir. 1985).

A. Plaintiff's removal

Here, however, it is plaintiffs who are attempting removal. The issue then, is whether they may remove on the basis of defendants' counterclaims. There is no section in the statute that provides for removal by a plaintiff. See 28 U.S.C. § 1441. It is well-established that plaintiffs do not have a right of removal. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 107 (1941) (holding that Congress, as evidenced by the plain language of the statute and the legislative history, did not intend for plaintiffs to have a right of removal); Hamilton v. Aetna Life & Cas. Co., 5 F.3d 642 (2nd Cir. 1993) (holding plaintiffs had no right of removal). See also 14C Charles Wright, Arthur Miller & Edward Cooper, Federal Practice and Procedure, § 3731 (3rd ed. 1998) (stating plaintiffs cannot remove, even when they are in the position of a defendant with regard to a counterclaim asserted against them). Accordingly, removal of this action may not be based on a petition by plaintiffs.

B. Third-party defendants

Next, the Court considers whether third-party defendants have the right to remove. The courts are split on whether "defendants," in the context of § 1441(a), means only defendants joined in the original complaint. See Schmidt v. Association of Apartment Owners of Marco Polo Condo, 780 F. Supp. 699, 702 (D. Haw. 1991) (collecting cases). The majority view is that the determination of who is a defendant is made with reference to the original complaint, not subsequent complaints. Id.

The few courts which allow removal by third-party defendants allow it only if the removal is based on a cause of action in the third-party complaint that is "separate and independent" from the other claims in the case pursuant to § 1441(c). See, e.g., Carl Heck Engineers v. LaFourche Parish Police Jury, 622 F.2d 133, 136 (5th Cir. 1980) (holding third-party defendants sued under a separate and independent claim can remove). But see Lewis V. Windsor Door Co., 926 F.2d 729, 733 (8th Cir. 1991) (holding that in almost all third-party cases, the third-party defendant may not remove under § 1441(c)). The Eighth Circuit Court of Appeals has held that the "remote, ancillary possibility of a third-party claim not yet matured" cannot constitute a basis for removal of a third-party claim "which is not separate and independent of the plaintiff's claim." Lewis v. Windsor Door Co., 926 F.2d 729, 733 (8th Cir. 1991) (adopting the Seventh Circuit's analysis that a

third-party defendant may not remove under § 1441(c) in almost all cases). As the Eighth Circuit put it, "removal on such a basis is too much akin to the tail wagging the dog." Lewis, 926 F.2d at 733. Accordingly, third-party defendants were without authority to remove the case under these facts.

III. Conclusion

Because this case was improperly removed, this Court lacks a basis upon which to invoke federal jurisdiction, and the matter is hereby remanded to the Hennepin County District Court.

IT IS SO ORDERED.

Dated: April 24th, 2001

JAMES M. ROSENBAUM
United States District Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

**DATE MAILED TO COUNSEL/PRO SE PARTIES:**

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

*This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.*

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*

Forms/8thcircuitprehearingconf.wpd